**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MARVIN HILL,                                       )
                                                   )
                    Petitioner,                    )        Civil Action No. 2:22-cv-1778
                                                   )
        v.                                         )
                                                   )        Magistrate Judge Patricia L. Dodge
ORLANDO HARPER and DISTRICT                        )
ATTORNEY ALLEGHENY COUNTY,                         )
                                                   )
                    Respondents.                   )


**MEMORANDUM**

Before the Court is the Petition for a Writ of Habeas Corpus (ECF 4) filed by Petitioner

Marvin Hill under 28 U.S.C. § 2241. For the reasons set forth below, the Court will dismiss the

Petition.

**I.      Relevant Background**

Petitioner, who is proceeding *pro se* in this habeas case, is a state pretrial detainee

incarcerated in the Allegheny County Jail. He is awaiting his trials in the Court of Common Pleas

of Allegheny County ("trial court") at Criminal Docket numbers:

- CP-02-CR-8142-2019 ("Case 1") on charges of Person Not to Possess a Firearm, 18 Pa.C.S. § 6105(a)(1), and Carrying a Firearm Without a License, *id.* § 61069(a)(1); and,

- CP-02-CR-9098-2019 ("Case 2") on charges of Aggravated Assault (Serious Bodily Injury), *id.* § 2702(a)(1), Persons Not to Possess a Firearm, *id.* § 6105(a)(1), Carrying a Firearm Without a License, *id.* § 6106(a)(1), and Simple Assault, *id.* § 2701(a)(3); and,

- CP-02-CR-9072-2020 ("Case 3") on charges of Criminal Homicide, *id.* § 2501(A) and related crimes for the shooting death of a one-year-old boy.

Attorney Frankie C. Walker currently represents Hill in Cases 1 and 2, which are the two

cases at issue in this federal habeas proceeding. Hill, through former and current counsel, has filed

several motions to continue the non-jury trial to be held in Cases 1 and 2, which the trial court has granted. Hill's non-jury trial in these cases is currently scheduled for October 12, 2023.

Attorney Elbert Gray represents Hill in Case 3, the homicide case. The jury trial for this case is scheduled to begin on October 16, 2023.

In the Petition, Hill claims that his right to a speedy trial in Cases 1 and 2 have been violated. He also claims that in Cases 1 and 2 he has been and is still being deprived of his Sixth Amendment right to have effective counsel represent him. Hill does not challenge the validity of his detention as a pretrial detainee in Case 3 and brings no claims related to that criminal case.

Respondents have filed the Answer (ECF 13)[1] and Hill has filed the Reply (ECF 15).

## II.   Discussion

The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody and its function is to secure an order directing that the petitioner be released from illegal custody. *See, e.g.*, *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "For state prisoners, federal habeas corpus is substantially a post-conviction remedy[.]" *Moore v. DeYoung*, 515 F.2d 437, 448 (3d Cir. 1975) (citing 28 U.S.C. § 2254 and *Peyton v. Rowe*, 391 U.S. 54 (1967)). 28 U.S.C. § 2254 is the federal habeas statute applicable to state prisoners. It provides: "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*." 28 U.S.C. § 2254(a) (emphasis added); *see, e.g.*, *Coady v. Vaughn*, 251 F.3d 480, 484-86 (3d Cir. 2001).

---

[1] Respondents attached to the Answer the relevant state court filings. At the Court's direction, they recently filed a supplement (ECF 18) containing copies of the documents recently filed in Cases 1 and 2.

After a state prisoner has been convicted, sentenced, and has exhausted his remedies in the state courts, he may seek federal habeas relief pursuant to § 2254. Thus, Hill's claims of ineffective assistance of counsel are premature. He can only litigate such claims if he is convicted and then only after he has exhausted his available state court remedies for those claims. 28 U.S.C. § 2254(b).

While § 2254 applies to post-trial situations, the more general habeas corpus statute of 28 U.S.C. § 2241 provides federal courts with jurisdiction to issue a writ of habeas corpus before a state judgment is rendered, but only in very limited circumstances. "[T]hat jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3 (3d Cir. 2010) (quoting *Moore*, 515 F.2d at 445-46).

Section 2241 provides in relevant part: "The writ of habeas corpus shall not extend to a prisoner unless…[h]e is *in custody in violation of the Constitution or laws or treaties of the United States*[.]" 28 U.S.C. § 2241(c)(3) (emphasis added). Thus, under this statute, a state criminal defendant has the mechanism in a federal habeas action to challenge the legality of his pretrial confinement by arguing that he should not be in pretrial custody in the first place because, for example: (1) his upcoming trial violates his rights under the Double Jeopardy Clause, *see, e.g.*, *United States ex rel. Webb v. Court of Common Pleas*, 516 F.2d 1034 (3d Cir. 1975); or, (2) he is being deprived of his constitutional right to a speedy trial, *see, e.g.*, *Braden v. Judicial Cir. Court of Kentucky*, 410 U.S. 484, 492-93 (1973); or, (3) the trial court has unconstitutionally denied or revoked bail, *see, e.g.*, *Atkins v. Michigan*, 644 F.2d 543, 550 (6th Cir. 1981).

Only one of Hill's claims (that he was denied his right to speedy trial) falls within the above categories. Hill did not exhaust his state court remedies for this claim, however, and pretrial detainees like him must first do so before filing a federal habeas petition. *Schandelmeier v.*

3

*Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986) ("The state court exhaustion requirement is mandated by statute under 28 U.S.C. § 2254(b) and has developed through decisional law…as to claims brought under 28 U.S.C. § 2241.") (citing *Braden*, 410 U.S. at 490-91); *Moore*, 515 F.2d at 442 (no distinction between § 2254 and § 2241 "insofar as the exhaustion requirement is concerned").

The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). *See, e.g.*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-49 (1999)*; Parker v. Kelchner*, 429 F.3d 58, 61 (3d Cir. 2005) ("Exhaustion addresses federalism and comity concerns by affording the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.") (internal citations and quotations omitted). The Supreme Court has held that a petitioner must have "invoke[d] *one complete round of the State's established appellate review process*[,]" in order to satisfy the exhaustion requirement. *O'Sullivan*, 526 U.S. at 845 (emphasis added).

It is Hill's burden to show that he exhausted available state remedies. *See, e.g.*, *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Ellison v. Rogers*, 484 F.3d 658, 660-62 (3d Cir. 2007); *Coady*, 251 F.3d at 488. A review of the state court records and dockets shows that he cannot meet his burden. Hill's trial counsel, Attorney Walker, has filed no motion on his behalf claiming that Hill's right to a speedy trial is being violated. To the extent Hill has attempted to file a *pro se* motion asserting a denial of his right to a speedy trial in either Case 1 or 2, that would not satisfy the exhaustion requirement. That is because Pennsylvania law does not permit "hybrid" representation and thus a state court generally will not review on the merits a *pro se* motion submitted by a defendant who is represented by counsel. *See, e.g.*, Pa. R. Crim. Pro. 576(4), (5).

4

Where, as is the case here, state-court remedies are unexhausted, "principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." *Younger v. Harris*, 401 U.S. 37 (1971); *Moore*, 515 F.2d at 447-48. *Younger* abstention will apply when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (quoting *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005)). If the three *Younger* requirements are satisfied, abstention is required unless the petitioner demonstrates that the state proceedings are motivated by bad faith, the state law being challenged is patently unconstitutional, or there is no adequate alternative state forum where the constitutional issues can be raised. *Id.* at 670 n.4 (citing *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989)). These exceptions are to be construed "very narrowly" and invoked only in "extraordinary circumstances." *Id.*; *Moore*, 515 F.2d at 448.

Here, there are ongoing state judicial proceedings in Cases 1 and 2. Hill is a defendant in these cases and granting him the habeas relief he seeks would interfere with those proceedings. In addition, the state's criminal cases against him undoubtedly implicate the important state interests of enforcement of its criminal laws. Hill does have the opportunity to raise constitutional claims in the context of his state criminal proceedings in the Court of Common Pleas of Allegheny County and then to the state appellate courts. Thus, Hill's claims concerning his ongoing criminal proceedings satisfy the requirements of abstention.

Finally, Hill is also being held at the Allegheny County Jail as a pretrial detainee in Case 3, the homicide case. The validity of his detention as a pretrial detainee in that case is not at issue in

5

this federal habeas case. Thus, Hill would remain in custody as a pretrial detainee for that case even if he demonstrated that he was entitled to habeas relief in this instant case (which he is not).

Based upon all of the foregoing, Hill is not entitled to a writ of habeas corpus under 28 U.S.C. § 2241. Thus, the Court will dismiss the Petition without prejudice to Hill's ability to timely file another habeas petition, under either 28 U.S.C. § 2254 or § 2241 as the circumstances require, following proper exhaustion of available state-court remedies and satisfaction of any other applicable procedural prerequisites.

### III.    Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition filed by a state prisoner under either § 2254 or § 2241. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To the extent a certificate of appealability determination is required in this case, Hill is not entitled to one because jurists of reason would not find it debatable whether his claims should be dismissed. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IV.    Conclusion**

Based on the above, the Court will deny Hill's Petition for a Writ of Habeas Corpus and will deny a certificate of appealability with respect to each claim.

An appropriate Order follows.


Date:  August 29, 2023                              /s/ Patricia L. Dodge
                                                    PATRICIA L. DODGE
                                                    United States Magistrate Judge